IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUCKY D. WILSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-16-1424-D |
| ) | |
| LADY DI FOOD GROUPS HOLDING, ) | |
| LLC, dba ZAXBY'S, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

Before the Court is Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 21], filed pursuant to Fed. R. Civ. P. 12(f). Defendant has timely responded in opposition to the Motion, and the time for filing a reply brief has expired. Thus, the Motion is fully briefed and ripe for decision.

This employment discrimination case under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, involves claims of sexual harassment and constructive termination of Plaintiff's employment. Defendant has responded to the Amended Complaint by filing a combined answer and counterclaim. Defendant lists 27 affirmative defenses in its Answer [Doc. No. 20]. Plaintiff moves to strike 13 defenses "because they fail to meet the federal pleading standard enunciated by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)." *See* Pl.'s Mot. Strike [Doc. No. 21], ¶ 1.

A district court is authorized to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues" early in the litigation. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *accord Operating Eng's Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Rule 12(f) motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause come sort of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004) (footnotes omitted).

Upon consideration, the Court finds that, for the most part, Plaintiff has failed to justify the relief sought because the challenged defenses do not present clearly irrelevant matters that may properly be stricken under Rule 12(f). Plaintiff primarily urges the Court to find the defenses are insufficient under the Rule 8(a) pleading standard announced in *Twombly* and *Iqbal*. Although there is no binding authority on this issue, the undersigned has previously concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses, which are governed by Rule 8(b)(1)(A) and Rule 8(c). *See Holt v. Roy Blackwell Enter., Inc.*, Case No. CIV-15-326-D, 2016 WL 319894, *3 n.3 (W.D. Okla. Jan. 26, 2016) (unpublished) (agreeing "with Judge Heaton's reasoning in *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-

HE (W.D. Okla. July 30, 2009), regarding the applicability of the *Twombly/Iqbal* standards to affirmative defenses"). "[I]n the ordinary circumstance, a more abbreviated statement of the defense [than required by *Twombly/Iqbal*], considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson*, slip op. at 3.

The challenged defenses in this case, although denominated "affirmative defenses," primarily state Defendant's position regarding either elements of Plaintiff's claims – such as statutory preconditions to suit (Twelfth, Thirteenth, and Fourteenth Affirmative Defenses) and non-pretextual reasons for decisions (Twenty-Fifth Affirmative Defense) – or the availability of particular remedies (Sixth, Sixteenth, Seventeenth and Eighteenth Affirmative Defenses). Some challenged defenses contain sufficient factual matter to indicate the relationship of the defense to the claims in this case and to avoid undue prejudice to Plaintiff. These include assertions that Defendant had sexual harassment policies that Plaintiff failed to follow (Twenty-Second Affirmative Defense), that Plaintiff voluntarily resigned after securing other employment (Twenty-Seventh Affirmative Defense) and, somewhat inconsistently, that Plaintiff failed to mitigate his damages (Nineteenth Affirmative Defense). The Court finds that Plaintiff's Motion should be denied with respect to these defenses.

Some defensive matters raised by Defendant, however, are affirmative defenses on which Defendant will bear the burden of proof and which are listed in shotgun fashion without any apparent applicability to the claims asserted. Defendant states, for example,

that "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or the doctrines of unclean hands, waiver, consent, laches and/or estoppel" (Third Affirmative Defense) and "Plaintiff's claims are barred, in whole or in part, because his own acts or omissions proximately caused or contributed to any alleged loss or injury" (Fifteenth Affirmative Defense). The Court finds that the possible relationship or connection of these defenses to the claims asserted in this case is not obvious or inferable from the pleadings, and there is sufficient prejudice to Plaintiff from being required to spend time and effort searching for their potential applicability that they should be stricken. Defendant will be permitted to reassert any of these defenses in a more detailed manner, if it so chooses, within the time period for amendment of pleadings to be set at the May 5, 2017 scheduling conference.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 21] is GRANTED in part and DENIED in part, as set forth herein. Defendant's Third and Fifteenth Affirmative Defenses are stricken without prejudice to the later filing of a timely motion to amend its Answer, if appropriate.

IT IS SO ORDERED this 24th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE